**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Michael Aaron Cypert, | No. CV 10-878-PHX-GMS (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Amended Complaint (Doc. 9) (Amended Complaint). The Court will order Defendant Charles L. Ryan to answer Count I of the Amended Complaint, will order Defendant Dave Vicklund to answer Count II of the Amended Complaint, and will dismiss Count III and Defendant Ralph Cluff for failure to state a claim upon which relief may be granted.

**I.     Procedural Background**

On April 20, 2010, Plaintiff Michael Aaron Cypert, who is confined in the Arizona State Prison Complex-Eyman (ASPC-Eyman), filed a *pro se* civil rights Complaint (Doc. 1), an Application to Proceed *In Forma Pauperis* (Doc. 3), a pleading entitled "Notice to Honorable Court" (Doc. 5), and a pleading entitled "Petition & Notice" (Doc. 6). By Order filed May 4, 2010 (Doc. 7), the Court granted the Application to Proceed *In Forma Pauperis*, assessed an initial partial filing fee, partially granted Plaintiff's "Notice to Honorable Court,"

denied Plaintiff's "Petition & Notice," and dismissed the Complaint with leave to amend. Plaintiff was given 30 days from the filing date of the Order to file a first amended complaint in compliance with the Order.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III. Amended Complaint

On May 14, 2010, Plaintiff filed his Amended Complaint (Doc. 9). Plaintiff should take notice that all causes of action alleged in an original complaint which are not alleged in

an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint with respect to only those Defendants specifically named in the Amended Complaint.

Named as Defendants in the Amended Complaint are: (1) Charles L. Ryan, Director of the Arizona Department of Corrections (ADOC); (2) Ralph Cluff, Deputy Warden, ASPC-Eyman; and (3) Dave Vicklund, Chaplain, ASPC-Eyman.

Plaintiff alleges three counts in the Amended Complaint. In his Request for Relief, Plaintiff seeks to be kept safe from other inmates in a safe location, to be able to exercise his faith and receive religious services and materials, and to receive needed mental health treatment and counseling.

**IV. Discussion**

**A. Count I**

In Count I, Plaintiff claims that his Eighth Amendment right to be safe and free from harm has been violated by Defendant Charles L. Ryan because Defendant Ryan keeps placing Plaintiff back into the general population where Plaintiff keeps getting "hurt" and there is still a threat to Plaintiff's life and safety. Plaintiff alleges that, as a Jewish inmate, he was "hurt" by "white power gang members" because of his race and faith and that he told his sentencing court about being hurt. Plaintiff further alleges that the sentencing court "sent a Notice to Charles Ryan ordering that [Plaintiff] be placed into protective custody" while he is in ADOC, but that Defendant Ryan has not followed the court's orders and keeps placing Plaintiff back into the general population where Plaintiff keeps getting hurt. Plaintiff also alleges that he has been raped in general population.

Liberally construed, Plaintiff has stated an Eight Amendment claim in Count I. Accordingly, the Court will require Defendant Charles L. Ryan to answer Count I.

**B. Count II**

In Count II, Plaintiff claims that his First Amendment right to religious practices,

1 services, materials, and meals has been violated by the Chaplain because the Chaplain has
2 denied Plaintiff's requests for a religious Kosher diet, religious services, and materials.
3 Presumably, Plaintiff is referring to Defendant Dave Vicklund, who Plaintiff has listed as
4 being employed as "Chaplain" at ASPC-Eyman.

Liberally construed, Plaintiff has stated an First Amendment claim in Count II. Accordingly, the Court will required Defendant Dave Vicklund to answer Count II.

### C. Count III

In Count III, Plaintiff claims that his Eighth Amendment right to mental health treatment was violated by Defendant Ralph Cluff when he and "the doctor" disregarded Plaintiff's request and a court order for Plaintiff to get counseling and mental health treatment. Plaintiff alleges that he "requested to receive mental health treatment and counseling before [his] release because [he] is in need of counseling to build a mental health action plan to get treatment now and after [his] release."

Not every claim by a prisoner relating to inadequate medical treatment states a violation of the Eighth Amendment. To state a § 1983 medical claim, a plaintiff must show that the defendants acted with "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). A plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. Jett, 439 F.3d at 1096 (quotations omitted).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439

F.3d at 1096.

Medical malpractice or negligence is insufficient to establish a violation. Toguchi, 391 F.3d at 1060. Thus, mere negligence in diagnosing or treating a condition does not violate the Eighth Amendment. Toguchi, 391 F.3d at 1057. Also, an inadvertent failure to provide adequate medical care alone does not rise to the Eighth Amendment level. Jett, 429 F.3d at 1096. A difference in medical opinion also does not amount to deliberate indifference. Toguchi, 391 F.3d at 1058. To prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course was medically unacceptable under the circumstances and was chosen in conscious disregard of an excessive risk to the prisoner's health. Id.

Plaintiff's claims in Count III regarding his mental health care are insufficient to state an Eighth Amendment medical claim. First, Plaintiff has not alleged facts demonstrating that he suffers from a serious medical need. Indeed, Plaintiff has not even described his mental health problems or symptoms. Second, Plaintiff has not alleged that Defendant Cluff was deliberately indifferent to a serious medical need.

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S. Ct. at 1949.

Plaintiff's allegations in Count III are too conclusory and vague to state a claim for relief. Accordingly, the Court will dismiss Count III for failure to state a claim upon which relief may be granted.

## V.    Dismissal of Defendant Ralph Cluff

Because no claims remain against him, the Court will dismiss Defendant Ralph Cluff from this action for failure to state a claim upon which relief may be granted.

**VI. Warnings**

    **A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count III of the Amended Complaint (Doc. 9) is **dismissed** for failure to state a claim upon which relief may be granted.

(2) Defendant Ralph Cluff is **dismissed** from this action for failure to state a claim upon which relief may be granted.

(3) Defendant Charles L. Ryan **must answer** Count I of the Amended Complaint

1  and Defendant Dave Vicklund **must answer** Count II of the Amended Complaint.

2  (4) The Clerk of Court **must send** Plaintiff a service packet including the Amended Complaint (Doc. 9), this Order, and both summons and request for waiver forms for Defendants Charles L. Ryan and Dave Vicklund.

(5) Plaintiff **must complete and return** the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) **If** Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal **must retain** the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal **must notify** Defendants Charles L. Ryan and Dave Vicklund of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

(a) personally serve copies of the Summons, Amended Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and

1 | must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(9) **A Defendant who agrees to waive service of the Summons and Amended Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(10) Defendants Ryan and Vicklund **must answer** the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(11) Any answer or response **must state** the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(12) This matter is **referred** to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 23rd day of July, 2010.

_____
G. Murray Snow
United States District Judge