**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Aaron Cypert,<br>    Plaintiff<br>v.<br>Charles L. Ryan, et al.,<br>    Defendants | No. CV-10-0878-PHX-GMS (JRI)<br>**ORDER** |

Plaintiff filed a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on April 20, 2010 (Doc. 1), and a First Amended Complaint on May 14, 2010 (Doc. 9). In the Notice of Assignment (Doc. 2 ) entered and mailed to Plaintiff on April 20, 2010, Plaintiff was warned he must file a Notice of Change of Address if his address changes and that failure to comply would result in his case being dismissed. A similar provision was included in the initial screening Order issued May 4, 2020 (Doc. 7). It is assumed this Notice and order were received by Plaintiff as they were not returned as undeliverable.

The service Order, filed July 23, 2010 (Doc. 10) also directed that Plaintiff return completed service packets within twenty days. Plaintiff failed to do so, and on September 3, 2010, Magistrate Irwin gave Plaintiff fourteen days to either return completed service packets or show cause for his failure to do so. In response, on September 3, 2010 Plaintiff filed a Motion for Issuance of Another Service Packet (Doc. 12) and on September 9, 2010 a Notice to Resend Service Packets (Doc. 14), which were stricken for failure to comply with the form requirements for such filings. Plaintiff was again given fourteen days to comply with the Court's order. (*See* Order 9/10/10, Doc. 13; and Order

9/15/10, Doc. 15.) Plaintiff did not respond, and on October 22, 2010, Plaintiff was again warned of the consequences of failing to respond, and was given an additional fourteen days to respond to the order to show cause. (Order 10/22/10, Doc. 16.)

Plaintiff did not further respond, and on October 29, 2010, mail from the Court to Plaintiff was returned undeliverable (Doc. 17). Plaintiff has not filed a Notice of Change of Address

Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address and to return completed service packets or otherwise respond to the Court's Order to Show Cause constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." *In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and

1 availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

2 Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to
3 keep the Court informed of his address and to provide service packets prevents the case from
4 proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The
5 fifth factor requires the Court to consider whether a less drastic alternative is available. Without
6 Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*,
7 "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only
8 find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

9 The Court finds that only one less drastic sanction is realistically available. Rule 41(b)
10 provides that a dismissal for failure to prosecute operates as an adjudication upon the merits
11 "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds
12 that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will
13 therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
14 Procedure.

15 **IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil
16 Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter judgment
17 accordingly.

18 DATED this 18th day of November, 2010.

G. Murray Snow
United States District Judge